# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY "SHILOH" QUINE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01518-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 2) |

　　　　Plaintiff Rodney "Shiloh" Quine, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 8, 2011. In conjunction with his complaint, Plaintiff filed a motion seeking a preliminary injunction (1) requiring prison officials to undergo sensitivity training to ensure that Plaintiff receives equal treatment, and (2) requiring prison officials to develop and implement standards which ensure lesbian, gay, transgender, and "questioning" inmates receive adequate care and equal treatment. (Doc. 2, Motion, 2:9.)

　　　　For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

1

1  Further, a preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

In a separate order issued concurrently with this order, the Court dismissed Plaintiff's complaint, with leave to amend.  Because Plaintiff has not yet stated any cognizable claims, there is not currently an identifiable case or controversy before the court and Plaintiff lacks standing to seek preliminary injunctive relief. Summers, 555 U.S. at 493; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); City of Los Angeles v. Lyons, 461 U.S. 95, 101-05, 103 S.Ct. 1660 (1983); Mayfield, 599 F.3d at 969.

Additionally, Plaintiff's motion is not supported by any admissible evidence that he is likely to suffer irreparable harm in the absence of relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Id. (quotations and citations omitted) (emphasis in original).  A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by admissible evidence of harm which is both likely and irreparable.

For these reasons, Plaintiff's motion seeking preliminary injunctive relief, filed on September 8, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   April 9, 2012**             /s/ Sheila K. Oberto
                                 UNITED STATES MAGISTRATE JUDGE