1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  | RODNEY "SHILOH" QUINE,          |          CASE NO. 1:11-cv-01518-SKO PC

10 |                 Plaintiff,     |          FIRST SCREENING ORDER DISMISSING
   |                                |          COMPLAINT, WITH LEAVE TO AMEND,
11 |          v.                    |          FOR FAILURE TO STATE A CLAIM

12 | EDMUND G. BROWN, et al.,        |          (Doc. 1)

13 |                 Defendants.    |          THIRTY-DAY DEADLINE

14

15                              **First Screening Order**

16 **I.      Screening Requirement and Standard**

17         Plaintiff Rodney "Shiloh" Quine, a state prisoner proceeding pro se and in forma pauperis,

18 filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 8, 2011.  The Court is

19 required to screen complaints brought by prisoners seeking relief against a governmental entity

20 and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's

21 complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to

22 state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who

23 is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

24         A complaint must contain "a short and plain statement of the claim showing that the pleader

25 is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

26 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

27 do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell

28 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

1  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.

2  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

3  omitted).

4        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

5  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

6  higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

7  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

8  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

9  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572

10  F.3d 962, 969 (9th Cir. 2009).   The sheer possibility that a defendant acted unlawfully is not

11  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal,

12  556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

13  **II.     Summary of Complaint**

14        Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and

15  State Prison in Corcoran, brings this action against Governor Edmund G. Brown.   Plaintiff's

16  complaint consists of the first two of three pages of the form complaint provided by this court and

17  eighty pages of exhibits.

18        From what little the Court can glean from Plaintiff's incomplete complaint and his exhibits,

19  Plaintiff is a transgender inmate who seeks, at least in part, sex reassignment surgery.   Because

20  Plaintiff's complaint lacks a statement of claim(s), a complete list of defendants, and a prayer for

21  relief, Plaintiff must file an amended complaint.   In the paragraphs that follow, the Court will

22  provide Plaintiff with the legal standards which are most likely to be relevant and useful to Plaintiff.[1]

23  **III.    Legal Standards**

24       **A.      Eighth Amendment Claims**

25        The Eighth Amendment's prohibition against cruel and unusual punishment protects

26  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

27

28      [1] In conjunction with his complaint, Plaintiff filed a motion for preliminary injunctive relief, which refers to the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

1    confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan,

2    511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.

3    2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are,

4    restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan,

5    465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

6         Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

7    clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

8    2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

9    prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

10   To maintain an Eighth Amendment claim, a prisoner must show that prison officials were

11   deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S.

12   at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807,

13   812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152

14   F.3d 1124, 1128 (9th Cir. 1998).

15        The deliberate indifference standard involves an objective and a subjective prong. First, the

16   alleged deprivation must be, in objective terms, sufficiently serious. Farmer, 511 U.S. at 834

17   (quotation marks omitted). Second, the prison official must know of and disregard an excessive risk

18   to inmate health or safety. Id. at 837 (quotation marks omitted). Thus, a prison official may be held

19   liable under the Eighth Amendment for denying humane conditions of confinement only if he knows

20   that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable

21   measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that

22   they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful,

23   response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient

24   to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at

25   835; Frost, 152 F.3d at 1128.

26        **B.**     **Equal Protection Claims**

27        The Equal Protection Clause requires that persons who are similarly situated be treated alike.

28   City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur

1  v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by

2  showing that Defendants intentionally discriminated against Plaintiff based on his membership in

3  a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03

4  (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles,

5  250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated

6  differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon

7  Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook

8  v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580,

9  592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

10       **C.     Linkage Requirement/Supervisory Liability**

11       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

12  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

13  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

14  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must link each named defendant to the

15  participation in the violation at issue.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons v.

16  Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d

17  1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Liability may not be imposed on supervisory

18  personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49;

19  Ewing, 588 F.3d at 1235, and supervisors, administrators, or executives may only be held liable if

20  they "participated in or directed the violations, or knew of the violations and failed to act to prevent

21  them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202,

22  1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v.

23  Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick,

24  126 F.3d 1189, 1204 (9th Cir. 1997).  In short, some culpable action or inaction must be attributable

25  to them.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman

26  v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642,

27  646 (9th Cir. 1989).

28  ///

1    **IV.    Conclusion and Order**

2    Plaintiff's complaint fails to state a claim under section 1983. The Court will provide

3    Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130

4    (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's amended

5    complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that

6    led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49.

7    Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

8    above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

9    Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

10   F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

11   "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

12   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

13   amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

14   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

15   Based on the foregoing, it is HEREBY ORDERED that:

16   1.    The Clerk's Office shall send Plaintiff a complaint form;

17   2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

18         be granted under section 1983;

19   3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

20         amended complaint; and

21   4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

22         action will be dismissed, with prejudice, for failure to state a claim.

23

24

25   IT IS SO ORDERED.

26   **Dated:    April 11, 2012**                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE
27

28

5